### No. 4808.

### STATE ex rel. P. P. CARROLL v. PHILOGENE JORDA.

The peremptory exception to the right of the relator to maintain this action on the ground that the intrusion act under which this suit is brought is repealed by the special act of 1873, entitled "An Act to regulate proceedings in contestations between persons claiming a judicial office," approved March 5, 1873, is not well taken.

There is no conflict between the essential provisions of the two acts; the only points of difference are that the later act is of a less general application and the proceedings under it of a more summary character. According to the return of both Returning Boards for the election held in November, 1872, the defendant was defeated. It is clear that the defense is without merit.

APPEAL from the Second Judicial District Court, parish of St. Bernard. *Pardee*, J. *McKay*, District Attorney, for plaintiff and appellee. *Sambola & Ducros*, for defendant and appellant.

TALIAFERRO, J. This is a suit brought under the intrusion act on the relation of Carroll, who claims to have been duly elected parish judge of the parish of St. Bernard, at the general election held in November, 1872, and in pursuance thereof to have been duly commissioned to hold that office by Acting Governor P. B. S. Pinchback, whose commission he introduces in evidence. He complains that the defendant, Jorda, has intruded himself into and unlawfully holds and illegally exercises the functions of that office. He prays that Jorda be decreed accordingly an usurper and intruder into the said office, and that the plaintiff be decreed the legal parish judge of the parish of St. Bernard.

The defendant denies generally the allegations of the petition, and avers that he was duly elected to the office in controversy on the fourth of November, 1872, although the Board of Returning Officers of the State, by their proclamation of the twenty-fifth of December, 1872, have declared the said Carroll to be the successful candidate. He introduces in evidence a commission issued to him by H. C. Warmoth on the fourth of November, 1872, and his oath of office as parish judge taken on the second day of December following. He also adduces in evidence a suit instituted by himself on the fourteenth of November, 1872, contesting the right of A. G. Thornton to the office of parish

judge of the aforesaid parish, alleging that "it was rumored and pretended that A. G. Thornton was the successful candidate with a majority of three votes over him."

In this court the defendant has filed a peremptory exception to the right of the relator to maintain this action on the ground that the intrusion act, under which this suit is brought, is repealed by the special act of 1873, entitled "An Act to regulate proceedings in contestations between persons claiming a judicial office," approved March 5, 1873. We think the exception is not well taken. We perceive no confliction between the essential provisions of the two acts; the only points of difference are that the later act is of less general application and the proceedings under it of a more summary character.

It is clear that the defense is without merit. The commission issued to the defendant by Governor Warmoth on the fourth day of November, 1872, before the returns of the general election were made as required by law, before a commission could legally be issued, was a nullity, and conferred upon the defendant no right to the office. The plaintiff holds the legal commission and the lower court properly rendered its decree in his favor.

It may be noticed that according to the report of both the Returning Boards, the defendant was defeated in the election; the one returning Thornton and the other Carroll, the plaintiff.

Judgment affirmed.